# IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CW KEARSE LLC d/b/a** | : | |
| **FORSYTHIA** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: 2:23-cv-03936 |
| | : | |
| **CUMBERLAND MUTUAL** | : | |
| **FIRE INSURANCE COMPANY** | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

AND NOW, Plaintiff, CW Kearse LLC d/b/a Forsythia, by and through its counsel, Durkin Law Offices, P.C., sets forth the within Amended Complaint against Defendant, Cumberland Mutual Fire Insurance Company (hereinafter, "Cumberland Mutual"), and states the following:

## THE PARTIES

1.     Plaintiff, CW Kearse LLC d/b/a Forsythia, is a business entity incorporated in the Commonwealth of Pennsylvania with a business address of 233 Chestnut Street, Philadelphia, Pennsylvania.

2.     Defendant, Cumberland Mutual Fire Insurance Company ("Cumberland Mutual"), is a New Jersey business entity authorized to conduct business in the Commonwealth of Pennsylvania with an office located at 633 Shiloh Pike, Bridgeton, New Jersey.

3.     At all times relevant and material hereto, the Defendant, Cumberland Mutual, was authorized to issue insurance policies in the Commonwealth of Pennsylvania.

4.     At all times relevant and material hereto, in consideration of a premium paid by the Plaintiff to the Defendant, Defendant issued and delivered to Plaintiff an insurance policy, Policy Number BOP 5002565 07, wherein Defendant insured Plaintiff's commercial property located at 233 Chestnut Street, Philadelphia, Pennsylvania as more particularly set forth on the Declarations Page of said policy.

5.     The aforesaid insurance policy issued to Plaintiff provided insurance coverage to Plaintiff's premises for the time period encompassing January 20, 2023.

6.     At all times relevant and material hereto, Defendant, Cumberland Mutual, held itself out to the Plaintiff as an expert in insurance matters, and knew that Plaintiff was relying upon the Defendant to provide proper and adequate insurance and related coverages.

7.     At all times relevant and material hereto, Defendant, Cumberland Mutual, agreed and represented that it would obtain and maintain proper and adequate insurance coverage on Plaintiff's property and would cause the necessary policy to be written and issued sufficient to provide Plaintiff full protection against risks as described in the policy.

8.     The aforesaid insurance policy with Defendant provided, *inter alia*, coverage for Plaintiff's commercial premises as described in the insurance policy.

9.     On or about January 20, 2023 during the term the aforesaid policy of insurance was in full force and effect, a loss occasioned as a result of a sewage system backup resulting in significant losses to Plaintiff's commercial residential kitchen and premises, loss of business personal property, and business interruption losses occurred at Plaintiff's property located at 233 Chestnut Street, Philadelphia, Pennsylvania, causing the aforesaid damages.

10.    The January 20, 2023 loss was a covered occurrence pursuant to the terms and conditions of the aforesaid insurance policy issued by Defendant, Number BOP 5002565 07.

11.     Plaintiff duly notified Defendant of the aforesaid losses and made a proper claim under its policy with the Defendant, Cumberland Mutual, for coverage and payment of Plaintiff's losses.

12.     All conditions precedent to Plaintiff's recovery under the aforesaid policy of insurance with Defendant, Cumberland Mutual, Number BOP 5002565 07, and all conditions precedent to Defendant's liability thereunder, have been performed or have occurred, but Defendant, Cumberland Mutual, has refused to fully compensate, and make full payment to, Plaintiff for the aforesaid losses as required under the terms and conditions of the policy of insurance at issue.

13.     A dispute arose between the parties regarding the amount of the payment of the Plaintiff's claim for business interruption/loss of business income.

14.     The Defendant eventually tendered two advance payments of $30,000.00 and a supplemental payment for $4,500.00 for a total amount of $64,500.00 for the business interruption claim.

15.     On July 24, 2023, a discussion took place between a representative of the Plaintiff and a representative of the Defendant where the Defendant's authorized representative advised that if the Plaintiff did not accept the amounts paid for the business interruption claim as accord and satisfaction of all business interruption claims, a demand would be made for the repayment of the payments previously tendered as the payments would be recalled.

## COUNT I

## BREACH OF CONTRACT

16.     Plaintiff incorporates the averments of paragraphs 1 through 15 as though same were fully set forth at length herein.

17.     The aforesaid insurance policy with Defendant provided coverage for business personal property at replacement cost and for loss of business income/business interruption. The Plaintiff has incurred or will incur significant expense in order to replace its business personal property which was damaged in the loss to its pre-loss condition and has suffered and will continue to suffer loss of business income/business interruption as a result of the loss.

18.     All conditions precedent to Plaintiff's recovery under the policy and to Defendant's liability thereunder have been performed or have occurred, but Defendant, Cumberland Mutual, has refused to make full payment to Plaintiff for the aforesaid covered losses as required by the terms and conditions of the policy of insurance.

19.     Defendant, Cumberland Mutual, without legal justification or cause, in violation of its contractual duties, has refused and continues to refuse to fully pay and fully compensate Plaintiff for its aforesaid losses.

20.     Solely as a result of Defendant's failure to make full payment for the damages sustained by the Plaintiff, coverage of which is provided in its insurance policy with Defendant, Plaintiff has suffered and will continue to suffer direct and consequential damages, namely that Plaintiff has not been fully compensated for its loss of business income/business interruption in an amount to be determined, as well as other losses to be quantified.

21.     Solely as a result of Defendant's failure to make full payment for the damages sustained by the Plaintiff, coverage of which is provided in its insurance policy with Defendant, Plaintiff has sustained financial hardship and inconvenience, all of which are continuing and will continue until the foreseeable future.

22.     Defendant, Cumberland Mutual, breached its contract with Plaintiff, by refusing to provide full coverage for the losses described aforesaid, which losses are covered under Plaintiff's insurance policy with Defendant, Cumberland Mutual.

WHEREFORE, Plaintiff, CW Kearse LLC d/b/a Forsythia demands judgment against Defendant, Cumberland Mutual, in an amount in excess of $50,000.00, together with costs and interest, along with such other and further relief this Honorable Court deems necessary and/or appropriate.

## COUNT II

## BAD FAITH, 42 PA.C.S.A. § 8371

23.     Plaintiff incorporates the averments of paragraphs 1 through 22 as though same were fully set forth at length herein.

24.     Defendant, Cumberland Mutual, has wrongfully and in bad faith withheld full payment pursuant to the terms and conditions of the aforesaid insurance contract between Plaintiff and the Defendant, Number BOP 5002565 07, without a reasonable basis.

25.     Defendant's denial of benefits pursuant to the terms and conditions of the insurance contract between Plaintiff and Defendant, Number BOP 5002565 07, was with reckless disregard of the fact that such denial was without a reasonable basis and constitutes bad faith as the term "bad faith" is used in 42 Pa.C.S.A. § 8371.

26.     Defendant, Cumberland Mutual has engaged in bad faith conduct, including, but not limited to, the following:

a.    by failing to make a reasonable effort to negotiate the timely settlement of the claim which would allow the Plaintiff to recover its loss of business income/business interruption losses;

b.    by failing to objectively and fairly evaluate the Plaintiff's claim;

c.    by compelling Plaintiff to institute this lawsuit to obtain policy benefits that Defendant should have paid promptly and without the necessity of litigation;

d.    by acting unreasonably and unfairly in response to Plaintiff's claim;

e.    by failing to promptly provide a reasonable factual explanation of the basis for not fully paying Plaintiff's claim;

f.    by conducting an unfair, unreasonable, self-serving and inadequate investigation of Plaintiff's claim;

g.    by failing to give equal consideration to fully paying the claim as to not fully paying the claim;

h.    by refusing to consider the full scope, timeframe, and amount of the Plaintiff's loss of income/business interruption losses and low-balling and undervaluing said claim in violation of the terms and conditions of the policy and in bad faith; and

i.      by tendering an amount of the undisputed claim for loss of

business income/business interruption with a threat that it

would be withdrawn and not paid if the Plaintiff refused to

accept the amount as full payment.

27.     Plaintiff has suffered damages as described in the preceding paragraphs of this

Amended Complaint due to the Defendant's wrongful, bad faith failure to pay to Plaintiff the

monies to which Plaintiff is clearly entitled under Plaintiff's insurance contract with Defendant,

Number BOP 5002565 07.

28.     Defendant, Cumberland Mutual, has acted in bad faith and with reckless disregard

to the rights of the Plaintiff in failing to fully pay Plaintiff's claim pursuant to the terms and

conditions of the insurance contract between the parties, Number BOP 5002565 07.

29.     Plaintiff is entitled to the special damages provided for by 42 Pa. C.S.A. § 8371 and

to punitive damages.

WHEREFORE, CW Kearse LLC d/b/a Forsythia demands judgment against Defendant,

Cumberland Mutual, in an amount in excess of $50,000.00, together with costs, interest, and

attorney's fees, along with such other and further relief this Honorable Court deems necessary

and/or appropriate.

Respectfully submitted,

**DURKIN LAW OFFICES, P.C.**

BY:  /s/ Martin A. Durkin
     Martin A. Durkin, Esquire

<u>**CERTIFICATE OF SERVICE**</u>

Martin A. Durkin, Esquire, hereby certifies that a true and correct copy of the foregoing

Plaintiff's Amended Complaint was served upon counsel listed below on the 10th day of January,

2024, via electronic filing, addressed as follows:

Louis Dobi, Jr., Esquire
Robert T. Grolnick, Esquire
**BENNETT, BRICKLIN & SALTZBURG**
West Tower, Centre Square
1500 Market St 32nd Floor
Philadelphia, PA 19103

**DURKIN LAW OFFICES, P.C.**

BY:   /s/ Martin A. Durkin
      Martin A. Durkin, Esquire