IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CW KEARSE, LLC d/b/a FORSYTHIA, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CUMBERLAND MUTUAL FIRE INSURANCE COMPANY, | : | |
| *Defendant* | : | No. 23-3936 |

## MEMORANDUM

PRATTER, J.                                                                                                        MAY 9th, 2024

Forsythia is a contemporary French restaurant in Philadelphia that utilizes "top-tier, seasonal ingredients" and "serve[s] them in unique and delightful ways." *About Forsythia*, Forsythia, https://www.forsythiaphilly.com/about (last visited May 1, 2024). The restaurant also claims to serve plates and entrees inspired by French Bistro fare "with a contemporary twist." *Id.*

In January 2023, however, Forsythia experienced a sewage system backup that resulted in losses to the premises and the business. Forsythia sued its insurer Cumberland Mutual Fire Insurance Company for breach of contract and bad faith when the insurer allegedly did not fully compensate Forsythia for covered losses. Cumberland Mutual then filed a motion to dismiss the bad faith claim. Though Forsythia may serve customers with food "in unique and delightful ways," Forsythia's bad faith claim is anything but unique, only including a bare bones recital of the elements of the claim. Thus, the Court grants Cumberland Mutual's Partial Motion to Dismiss.

## BACKGROUND

Forsythia is a restaurant located at in Philadelphia. On January 20, 2023, Forsythia experienced losses to its commercial kitchen, business personal property, and business interruption

1

when the restaurant's sewage system backed up. Forsythia had an insurance policy with Cumberland Mutual Fire Insurance Company to cover the business during the period that encompassed the resulting losses. Forsythia alleges that it duly notified Cumberland Mutual of the resulting losses and made a claim under its insurance policy, though Cumberland Mutual allegedly did not fully compensate for Forsythia's resulting losses. Hence this lawsuit where Forsythia brings two claims against Cumberland Mutual: one for breach of contract and one for bad faith.

Cumberland Mutual then filed a partial motion to dismiss Forsythia's bad faith claim. Forsythia filed its opposition to the partial motion to dismiss, and the Court heard oral argument on that motion. Forsythia filed an amended complaint that same date, with Cumberland Mutual filing a renewed partial motion to dismiss the bad faith claim.

## LEGAL STANDARD

The Court may dismiss a claim if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Perhaps the most cited statement of law is that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Forsythia includes a bad faith claim under 42 Pa. C.S. § 8371, which permits courts to take certain actions when finding that an insurer acted in bad faith against the insured. Finding bad faith under Pennsylvania law requires satisfying a two-part test: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)

2

(citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). "[A] frivolous or unfounded refusal to pay" underlies an insurer acting in bad faith. *Carr v. Travelers Home & Marine Ins. Co.*, No. 23-1993, 2023 WL 7167570, at *5 (E.D. Pa. Oct. 31, 2023) (quoting *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999)).

> Here, Forsythia alleges that Cumberland Mutual acted in bad faith:
>
> a. by failing to make a reasonable effort to negotiate the timely settlement of the claim which would allow the Plaintiff to recover its loss of business income/business interruption losses; b. by failing to objectively and fairly evaluate the Plaintiff's claim; c. by compelling Plaintiff to institute this lawsuit . . . d. by acting unreasonably and unfairly in response to Plaintiff's claim; e. by failing to promptly provide a reasonable factual explanation of the basis for not fully paying . . . h. by refusing to consider the full scope, timeframe, and amount of the Plaintiff's loss of income/business interruption losses and low-balling and undervaluing said claim in violation of the terms and conditions of the policy and in bad faith; and i. by tendering an amount of the undisputed claim for loss of business income/business interruption with a threat that it would be withdrawn and not paid if the Plaintiff refused to accept the amount as full payment.

Am. Compl. ¶ 26(a)-(i), Doc. No. 14.

However, as this Court only recently held, such allegations "do not make it plausible that [Cumberland Mutual] acted in bad faith." *Alhourani v. Foremost Ins. Grp.*, No. 23-3739, 2024 WL 580875, at *2 (E.D. Pa. Feb. 13, 2024) (citing *Iqbal*, 556 U.S. at 678). In fact, the above allegations are similar to those in *Alhourani* where this Court also dismissed a bad faith claim. *Compare* Am. Compl. ¶ 26(b), Doc. No. 14 (arguing that Cumberland Mutual acted in bad faith "by failing to objectively and fairly evaluate the Plaintiff's claim"), *with Alhourani*, 2024 WL 580875, at *2 (arguing that the insurer acted in bad faith by "[f]ailing to reasonably and properly investigate [Mr. Alhourani's] claim" (first alteration in original)). Again, such allegations that Forsythia includes in the Amended Complaint are nothing more than "a litany of the kind of conclusory allegations

3

and threadbare recitals of a cause of action that are plainly insufficient to survive a motion to dismiss." *Alhourani*, 2024 WL 580875, at *2 (quoting *Carr*, 2023 WL 7167570, at *5).

Forsythia argues that it includes sufficient factual support for its bad faith claim because the Amended Complaint "include[es] a threat that a portion of the claim would be withdrawn and not paid if the Plaintiff refused to accept the inadequate amount offered as full payment." Mem. L. in Opp. Mot. to Dismiss ¶ 21, Doc. No. 20. However, such an allegation does not make it plausible that Cumberland Mutual "lacked a reasonable basis for denying benefits" and then "knew or recklessly disregarded" these circumstances. *See Klinger*, 115 F.3d at 233. Instead, this merely supports an allegation that Cumberland Mutual estimated the damages that Forsythia suffered, offered payment in that amount, and would not pay the full amount if Forsythia did not agree with that estimate, and "[b]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Carr*, 2023 WL 7167570, at *5 (quoting *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)). Thus, like in *Carr*, Forsythia's bad faith claim does not survive based on the conclusory allegation that Cumberland Mutual acted in bad faith when it offered an amount of payment with which Forsythia did not agree.

Though the Court grants the motion to dismiss, it does so without prejudice and advises Forsythia that it "must specifically include facts to address who, what, where, when, and how the alleged bad faith conduct occurred." *Cappuccio v. State Farm Fire & Cas. Ins. Co.*, No. 19-3025, 2020 WL 2307340, at *4 (E.D. Pa. May 8, 2020) (quoting *Shetayh v. State Farm Fire & Cas. Co.*, No. 20-693, 2020 WL 1074709, at *3 (E.D. Pa. Mar. 6, 2020)).

## CONCLUSION

For the foregoing reasons, the Court grants Cumberland Mutual's Partial Motion to Dismiss. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE
